# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

NICHOLAS PULICE,

    Plaintiff,

    v.

EAST PENN MANUFACTURING CO.,

    Defendant.

Case No. 3:25-cv-00087-SLG

## DISCOVERY CONFIDENTIALITY ORDER

The parties' Stipulated Discovery Confidentiality Order at Docket 16 is **GRANTED** and **IT IS ORDERED** as follows:

1. For purposes of this Order, except where context dictates otherwise, the term "Party" shall mean (a) Plaintiff, Nicholas Pulice ("Plaintiff') and/or (b) Defendant, East Penn Manufacturing Company ("Defendant"); the term "Parties" shall mean Plaintiff and Defendant collectively; the term "Non-Party" shall mean any person or entity that is not a Party; the term "Producing Party" shall mean any Party or Non-Party that produces or discloses information and/or documents in connection a discovery request in this action; the term "Receiving Party" shall mean any Party that receives information and/or documents produced or disclosed in connection with this action; and the term "Designating Party" shall mean any Party or Non-Party that designates material as confidential under this Order.

2. Any Party may designate the following as confidential under this Order: any document, portion of a deposition transcript, and other information produced, prepared, and/or discovered in this action that contains (a) health and/or medical information that is personally identifiable to a particular individual; (b) trade secrets and/or sensitive technical, marketing, financial, sales, and/or business information; (c) employment / personnel related information concerning a Non-Party; (d) information that has been received in confidence from any Non-Party; and/or (e) any other information that is reasonably believed in good faith to be entitled to protection under Fed. R. Civ. P. 26(c)(1)(G) (collectively, "Confidential Information").

3. Designation of confidential material under this Order should be made at the time documents are produced by stamping the word "CONFIDENTIAL" on each page of the document that contains Confidential Information. The Parties recognize that during the course of this action a Party or Non-Party may seek additional protection with regard to certain documents or information. Should the Parties and any Non-Party be unable to agree on the treatment of such documents or information, the producing Party or Non-Party may seek relief from the Court.

4. At the time of deposition or within seven (7) days after receipt of the deposition transcript, a Party or Non-Party may designate as "CONFIDENTIAL" specific portions of the transcript and/or any videotape

Case No. 3:25-cv-00087-SLG, *Pulice v. East Penn Manufacturing Co.*
Discovery Confidentiality Order
Page 2 of 9
Case 3:25-cv-00087-MMS    Document 17    Filed 06/30/25    Page 2 of 9

that reference any Confidential Information. Unless done on the record, the designation shall be in writing and served upon all counsel of record. All transcripts and/or videotapes shall initially be treated as confidential pursuant to this Order for seven (7) days following receipt of the deposition transcript. Any portions of a transcript and/or video designated as "CONFIDENTIAL" shall thereafter be treated in accordance with this Order. Upon written request, a Party shall provide any Non-Party who has produced documents in this action prior to the deposition with copies of such transcripts and/or videotapes to facilitate review for and designation of Confidential Information.

5. All Confidential material shall be used by a Receiving Party solely for purposes of the prosecution or defense of this action; shall not be used by the Receiving Party for any business, commercial, competitive, personal, or other purpose; and shall not be disclosed by the Receiving Party to anyone other than those set forth in Paragraph 7, below, unless and until the restrictions herein are removed either by written agreement of the Parties, or by Order of the Court.

6. Any Receiving Party may, at any time, object to the designation of any material as "CONFIDENTIAL" by stating an objection (including a statement of the legal or factual basis for the objection) in writing to the Producing Party. The Producing Party and the Receiving Party(ies) shall make a good

faith effort to resolve any dispute. If the dispute cannot be resolved within fourteen (14) days after service of the written objection, the Designating Party may move the Court for an Order determining the confidentiality of the material. The Designating Party shall bear the burden of demonstrating to the Court that such material contains Confidential Information. Pending a final ruling by the Court on the motion, the terms of this Order shall remain in effect.

7. Material designated as "CONFIDENTIAL" pursuant to this Order shall be shown only to:

    a. The Parties;

    b. Counsel for the Parties (including outside counsel, in-house counsel, and any of their respective paralegals, clerical, and support personnel);

    c. Any person indicated on the face of a document or accompanying cover letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document; or in the case of meeting minutes, an attendee of the meeting;

    d. Witnesses and deponents (other than those individuals referenced in Section 7(a)), and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this action;

e. Experts or consulting experts employed by the Parties or their respective counsel to assist in the preparation for and trial of this action.

f. Vendors retained by the Parties to assist in preparing for pretrial discovery, trial, and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their respective stenographic and clerical personnel whose duties and responsibilities require access to such material.

g. The Court and Court personnel involved in this action including, but not limited to, courtroom deputies, law clerks, court reporters, and any special masters, arbitrators, or mediators appointed by the Court;

h. Private mediators and arbitrators retained by the Parties; and

i. Other persons by written consent of the Parties, or upon order of the Court, and only on such conditions as may be agreed or ordered.

Each person (other than the Court and Court personnel) who is permitted to view material designated as "CONFIDENTIAL" under this Order shall be advised that the material designated as "CONFIDENTIAL" shall not be disclosed, except as pursuant to this Order. For avoidance of doubt, this Stipulated Order does not place any restrictions on the use of any Confidential Information and/or any

material as "CONFIDENTIAL" by the Court and Court personnel, or in any hearing or trial in Court in this action.

8.  Counsel for a Party may show material designated as "CONFIDENTIAL" to a deponent during a deposition or to a witness during trial, arbitration, or any hearing in this action without providing prior notice to the Producing Party.

9.  Without written permission from the Designating Party, or pursuant to Court order, a Receiving Party may not file in the public record in this action any Confidential Information and/or any material designated as "CONFIDENTIAL." **However, this Order does not, by itself, authorize the filing of any document under seal**. Any party wishing to file Confidential Information and/or any material designated as "CONFIDENTIAL" in connection with any motion, brief, or other paper must, prior to or contemporaneous with said filing, file a separate motion for leave to file said Confidential Information and/or material designated as "CONFIDENTIAL" under seal; and submit unredacted portions of the motion, brief, or other paper containing Confidential information and/or material designated as "CONFIDENTIAL" to the Court for in camera inspection. **For avoidance of doubt, nothing in this Order shall prejudice the Court from denying, in whole or in part, a motion to file under seal**.

10. Any copy or reproduction of material designated as "CONFIDENTIAL" under this Order shall be treated in accordance with the terms of this Order.

11. Nothing in this Order shall prevent any Party or Non-Party or other person from waiving the protection of this Order, or from seeking modification of this Order, or additional protection for particular material.

12. Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any Party or Non-Party to object to discovery or to contest the alleged relevance or admissibility of any material produced in discovery in this action subject to the terms of this Order.

13. The inadvertent production of any document, information, or thing in the action shall be without prejudice to any claim that such document, information, or thing is privileged under the attorney-client or other applicable privilege, or protected from discovery as work product. No Producing Party shall be held to have waived any rights by such inadvertent production so long as the Receiving Party is notified within thirty (30) days of the discovery of such inadvertent production. Upon written request by the inadvertently Producing Party, the Receiving Party shall not use the document, information, or thing for any purpose until the Court so orders. If a Receiving Party disagrees that the document, information, or thing is privileged, it shall file an appropriate motion within fourteen (14) days. The burden of proof of inadvertence shall be on the Producing Party. If the Court

finds that the Producing Party produced the document, information, or thing through inadvertence, the Receiving Party shall, to the extent reasonably possible, return all copies of the document, information, or thing to the Producing Party.

14. By agreeing to this Order, no Producing Party shall forego their right to seek modification of this Order.

15. The provisions of this Order shall survive the conclusion of this action. Within ninety (90) days after final resolution of this action (including the resolution of all appellate proceedings and the payment in full of any Judgment), all documents and copies of all documents (other than exhibits of record) produced by a Producing Party which bear "CONFIDENTIAL" designations, and which designations have not been challenged successfully before the Court shall either be returned to the Producing Party or be destroyed. Upon request of the Producing Party, all counsel of record who received such documents shall certify compliance herewith and shall deliver the same to counsel for the Producing Party who produced the documents not more than ninety (90) days after the final conclusion of this action.

16. **Notwithstanding anything to the contrary in this Order, the Court reserves its inherent power to modify the terms of this agreement and**

Case No. 3:25-cv-00087-SLG, *Pulice v. East Penn Manufacturing Co.*
Discovery Confidentiality Order
Page 8 of 9
Case 3:25-cv-00087-MMS   Document 17   Filed 06/30/25   Page 8 of 9

**permit the disclosure of information where the interest of justice so requires**.

DATED this 30th day of June, 2025, at Anchorage, Alaska.

            <u>*/s/ Sharon L. Gleason*</u>
             UNITED STATES DISTRICT JUDGE